The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 Would there be any violation of state law, or any prohibition against a firm of attorneys contracting to provide professional services for the State of Arkansas, Administrative Office of the Courts, to represent children in dependency-neglect proceedings in Juvenile (Chancery) Court, pursuant to Ark. Code Ann. § 9-27-401 (Supp. 1999), (1) where a member of the firm is a currently elected and serving city attorney of a first class city, or (2) where a member of the firm is the appointed and compensated civil attorney for the county?
RESPONSE
It is my opinion that the answer to this question is "no." I have found no general prohibition against a firm contracting, pursuant to A.C.A. §9-27-401 (Supp. 1999), to represent children in dependency-neglect proceedings where a member of the firm is either an elected city attorney or a county civil attorney.
Section 9-27-401(a) authorizes the Director of the Administrative Office of the Courts ("AOC") to "enter into professional service contracts with private individuals or businesses or public agencies to represent all children in dependency-neglect proceedings."[1] A contract with a firm to provide such services is thus specifically contemplated under the statute. I can perceive of no basis for prohibiting such a contract based merely upon firm membership by a city attorney or a county civil attorney. The positions of city attorney and county civil attorney do not, in my opinion, inherently conflict with the dependency-neglect attorney ad litem designation. Those obtaining contracts through the AOC under § 9-27-401 are designated as "the provider for representation of children in dependency-neglect cases. . . ." Id. at subsection (b)(2).See also A.C.A. 9-27-316(f) (requiring the appointment of an attorney ad litem to represent the best interest of the juvenile when a dependency-neglect petition is filed or when an emergency ex parte order is entered in a dependency-neglect case). Clearly, therefore, the "provider for representation of children" is charged with representing the best interest of the child. The duties of the city attorney and the county civil attorney, on the other hand, do not routinely or generally involve juvenile-related matters such that an inherent conflict arises in this situation. Certainly, potential conflicts of interest or ethical problems could arise out of the facts of particular cases.[2] The firm's withdrawal from representation of the child in such cases may be required pursuant to the Model Rules of Professional Conduct. See, e.g., Rules 1.7, 1.9, and 1.10. This will, however, require a case by case determination, as opposed to forming a basis for preventing entrance of a contract under A.C.A. § 9-27-401.
Other ethical considerations should perhaps be noted in responding to your question, arising from particular Arkansas Code provisions governing public officials and employees. In accordance with A.C.A. § 14-14-1202
(ethics for county government officers and employees), the county attorney may not use his position to "advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally." A similar prohibition under A.C.A. §21-8-304 applies to the elected city attorney. Whether these provisions are implicated in connection with a particular contract obtained under §9-27-401 will, however, be a question of fact in each case.
In conclusion, it is my opinion based upon the above analysis that a firm of attorneys may, as a general matter, contract to provide legal representation of children in dependency-neglect proceedings notwithstanding the fact that a member of the firm is an elected city attorney or a county civil attorney.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh
[1] The AOC must obtain approval from the juvenile division judge prior to entering into a contract. Id. at subsection (b)(2). And all attorneys who seek to receive such contracts will be subject to those standards of practice and qualifications for service adopted by the Arkansas Supreme Court in accordance with subsection (b)(4).
[2] If, for instance, the city attorney has prosecuting authority, conflicts could arise in connection with criminal cases involving parents charged with conduct or actions giving rise to a dependency-neglect case. A similar conflict scenario could exist with respect to truancy prosecutions or prosecution of city ordinance violations.